4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph Victor FRENCH, Defendant-Appellant.
 No. 92-5765.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 15, 1993.
Decided: September 1, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CR-91-89-R)
 Wayne D. Inge, Roanoke, Virginia, for Appellant.
 Jean Barrett Hudson, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 E. Montgomery Tucker, United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Joseph Victor French appeals his convictions for mail and wire fraud. French attacks certain clarifying questions posed by the district court judge during French's own testimony along with the sufficiency of the evidence underlying his conviction and a single jury instruction. Because we find no merit in these claims, we affirm the conviction.
 
 I.
 
 2
 Joseph Victor French was tried before a jury for three counts of mail and wire fraud arising out of a scheme to sell shares of stock in Consolidated Energy, Inc., a company he both incorporated and directed. The government contended that French falsely represented to investors the existence of an agreement to purchase a distillery plant Consolidated Energy would then use for ethanol production. The government supported this charge with testimony from investors who had been told of the agreement by French and with statements contained in two versions of the Consolidated Energy"Business Plan" that indicated a purchase agreement existed when, in fact, one never had. The jury convicted French on each of the three counts.
 
 II.
 
 3
 French asserts that questioning by the judge during his testimony improperly prejudiced the defense. On direct examination, French testified that the revised Business Plan no longer contained statements concerning an agreement to purchase the distillery. In an effort to clarify the contents of that document, the judge asked French to read language in the revised Plan stating, contrary to French's assertion on the stand, that such a purchasing agreement existed. In the process of having the defendant read that language, the judge interjected several times in an attempt to understand French's testimony.
 
 
 4
 While the exchange initiated from the bench may have elicited damaging testimony from French, that result in no way indicates any lack of impartiality on the part of the judge. The judge merely attempted to ensure that defendant's oral statements matched the content of the written document under discussion. This endeavor is fully consistent with the judge's duty to see that the relevant facts are brought to the jury's attention in an accurate manner. See United States v. Parodi, 703 F.2d 768, 775-78 (4th Cir. 1983); Simon v. United States, 123 F.2d 80, 83 (4th Cir. 1941).
 
 III.
 
 5
 French's contention that his conviction must be reversed on sufficiency of the evidence grounds warrants only brief discussion. The government provided ample evidence to support a jury finding of guilt on all three counts. This evidence included the Business Plans, testimony regarding French's representations to investors, and records indicating that French had received monies from the stock transactions that he played a major role in initiating.
 
 IV.
 
 6
 Finally, French asks us to set aside his conviction because of an erroneous instruction on willful blindness. Because the trial judge is closer to the evidence than we are, we conclude that it was not an abuse of discretion to decide that the evidence supported giving that instruction to the jury.
 
 
 7
 For these reasons, the judgment of conviction is
 
 
 8
 AFFIRMED.